## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**JARRET MONTEZ WILSON, #48858**                                                             **PLAINTIFF**

**v.**                                                          **CAUSE NO. 3:19cv190-TSL-RHW**

**DEMETRE APOFTOLIDIS, et al.**                                                   **DEFENDANTS**

_____

### ANSWER AND DEFENSES / AFFIRMATIVE DEFENSES
_____

**NOW COME** Defendants, Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey, by and through their undersigned counsel of record, and file this, their Answer and Defenses / Affirmative Defenses to Plaintiff's [1] Complaint filed in the above styled and numbered cause, as follows:

### FIRST DEFENSE

Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

### SECOND DEFENSE

Plaintiff failed to exhaust the available inmate grievance procedure through the Rankin County Jail prior to filing suit, and accordingly, his Complaint should be dismissed pursuant to the mandates of the Prison Litigation Reform Act.

### THIRD DEFENSE

Defendants possess qualified immunity herein from suit and/or liability and/or damages.

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

Defendants did not breach any duty owed to Plaintiff, nor did they violate any right or privilege of Plaintiff, and are, therefore, not liable in damages.

**SIXTH DEFENSE**

Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and these Defendants are not guilty of tortious conduct or omission. The actions taken by Defendants Apoftolidis, King, Burleson, and Sheriff Bailey, if any, were taken in good faith and in good faith reliance upon then existing law.

**SEVENTH DEFENSE**

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

**EIGHTH DEFENSE**

Defendants committed no act or omission which caused any injury, damage, or deprivation to the Plaintiff and are, therefore, not liable in damages.

**NINTH DEFENSE**

As a matter of law, Plaintiff is not entitled to any relief from these Defendants.

**TENTH DEFENSE**

Defendants hereby specifically plead that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or

2

affirmative conduct in connection with the events about which he complains. To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

### ELEVENTH DEFENSE

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which these Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

### TWELFTH DEFENSE

**NOW COME** Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey, by and through counsel, and state that unless specifically admitted herein, these Defendants deny any and all allegations of the Complaint.

For answers to the allegations of the Complaint, Defendants state:

1. The allegations in § 1 of Plaintiff's Complaint, subsections (A.) Legal name; (B.) Name under which sentenced; (C.) Inmate identification number; (D.) Plaintiffs mailing address (street or post office box number, city, state. ZIP); and (E.) Place of confinement, are admitted.

2. In response to the allegations in § 2 of Plaintiff's Complaint, these Defendants admit that Apoftolidis, King, Burleson are employees of Rankin County and that Sheriff Bailey is the duly elected and acting Sheriff of Rankin County.  Except where otherwise specifically admitted, the allegations in § 2 of Plaintiff's Complaint, including all subsections and/or subparagraphs therein, are denied.

3. The allegations in § 3 of Plaintiff's Complaint are denied.

4. The allegations in § 4 of Plaintiff's Complaint are denied.

5. The allegations in § 5 of Plaintiff's Complaint are admitted.

6. The allegations in § 6 of Plaintiff's Complaint are denied.

7. The allegations in § 7(A.) of Plaintiff's Complaint are admitted. The allegations in § 7(B.) of Plaintiff's Complaint are denied. The allegations in § 7(C.) of Plaintiff's Complaint are denied. In response to the allegations in § 7(D.) of Plaintiff's Complaint, these Defendants admit that a grievance hearing was conducted, and a Grievance Hearing Officer Report was issued. Except where otherwise specifically admitted, the allegations in § 7 of Plaintiff's Complaint, including all subsections and/or subparagraphs therein, are denied.

8. As there are no allegations in § 8 of Plaintiff's Complaint, these Defendants are not required to submit an admission or denial to same. To the extent there are any allegations against these Defendants in § 8 of Plaintiff's Complaint, same are denied.

9. In response to the allegations in § 9 of Plaintiff's Complaint, these Defendants admit that Plaintiff was brought to the Rankin County Jail on December 6, 2018, Plaintiff was escorted to a dressing room, and Plaintiff initiated an altercation with officers while in the dressing room. Except where otherwise specifically admitted, the allegations in § 9 of Plaintiff's Complaint, including all subsections and/or subparagraphs therein, are denied.

10. The allegations in § 10 of Plaintiff's Complaint, including subparagraphs and/or subsections (1.) through (5.), are denied. Further, these Defendants deny that Plaintiff is entitled to a judgment against them or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever, for any type, kind or quantum of damages or any other form of relief. Defendants deny any and all liability.

11. Having fully responded to Plaintiff's Complaint, and having denied any and all liability, these Defendants, to the extent required, deny any and all allegations against them contained in the following document(s) and/or pleading(s), if any:

a. [5] Motion to Amend Exhibits;

b. [6] Motion to Amend Exhibits;

c. [8] Repose to [4] Order;

d. [9] Affidavit in Support of Motion to Proceed In Forma Pauperis;

e. [13] Attachment;

f. [14] Affidavit in Support re: [8] Response to [4] Order;

g. [15] Attachment re: [8] Response to [4] Order;

h. [16] Attachment re: [8] Response to [4] Order;

i. [17] Motion to Provide More Information;

j. [19] Response to [11] Order;

k. [25] Motion to Amend re: [1] Complaint;

l. [26] Motion to Request Subpoenas; and

m. [27] Motion to Amend a Request for Relief.

**ADMINISTRATIVE REMEDIES PROGRAM**

Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey specifically deny that Plaintiff has fully and properly complied with the Administrative Remedy Program ("ARP") available to him and affirmatively assert the failure of Plaintiff to exhaust his administrative remedies as an affirmative bar to the maintenance of this civil suit. Failure to exhaust administrative remedies is a jurisdictional condition precedent to the institution or maintenance of this civil action. Without completion of the ARP, Plaintiff

cannot maintain the instant action and the same should be dismissed. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992, 452 L. Ed. 2d 12 (2002).

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiff's Complaint and subsequent pleadings, and having denied any and all liability herein, Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey set forth the following Special Affirmative Matters:

### FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity from suit and/or liability herein. These Defendants are entitled to, and hereby assert all rights, privileges, and immunities otherwise available to a governmental or state actor.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, Plaintiff's Complaint fails to state a claim upon which relief can be granted against these Defendants and should be dismissed with prejudice.

### THIRD AFFIRMATIVE DEFENSE

At all times, Defendants acted in good faith reliance upon then existent law and are, therefore, entitled to immunity or a special good faith defense.

### FOURTH AFFIRMATIVE DEFENSE

At all times complained of, Defendants acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without injurious intent, without evil motive, without retaliatory motive, and are not guilty of wrongful or tortious conduct.

**FIFTH AFFIRMATIVE DEFENSE**

These Defendants possess immunity to Plaintiff herein and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. Defendants invoke and assert all rights, privileges and immunities available to them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

**SIXTH AFFIRMATIVE DEFENSE**

These Defendants are not guilty of conduct amounting to deliberate indifference to the rights of the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants hereby invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff's Complaint, with amendments, if any, seeks any award or assessment of punitive damages against these Defendants, such award would be contrary to law, and would violate the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Further, and more specifically, awarding and/or assessment of punitive damages would violate Article 3, § 28 of the Constitution of the State of Mississippi, as well as the Eighth Amendment to the Constitution of the United States, both of which prohibit the imposition of excessive fines.

Further, awarding and/or assessment of punitive damages would violate the Fifth and Fourteenth Amendments to the United States Constitution and/or Article 3, § 14 of the Mississippi Constitution, all of which guarantee unto the citizenry due process of law.

Also, standards, procedures, and criteria utilized in the judicial decisional process with regard to the awarding and/or assessment of punitive damages are impermissibly vague, arbitrary, and inconsistent, and are therefore, void and otherwise contrary to the principles established by the United States Constitution and Mississippi Constitution.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury, damages, loss and/or deprivation, inclusive of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

### TENTH AFFIRMATIVE DEFENSE

Additionally and/or alternatively, any damage, loss or deprivation to Plaintiff, if any, was not proximately caused by any official policy, practice or custom of Rankin County. Plaintiff's alleged loss, damage or deprivation was not the proximate result of the execution of any official governmental policy, custom or practice attributable to these Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had probable cause and lawful penological justification for all actions undertaken by them.

### TWELFTH AFFIRMATIVE DEFENSE

No action or inaction on the part of these Defendants, if any, proximately caused any harm, loss or deprivation to Plaintiff. At all times complained of, Defendants acted both

reasonably and prudently and in the exercise of legitimate and lawful justification. Further, Defendants' conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983.  Plaintiff suffered no injury and his allegations do not arise to the level of a constitutional tort.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants complied with all applicable standards of care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative defenses of contributory negligence, discharge in bankruptcy, estoppel, release, *res judicata*, statute of limitations and waiver.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff seeks any form of injunctive relief, if any, Plaintiff has not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is guilty of comparative fault and his recovery must be limited accordingly.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of his own actions and/or omissions, or those of other persons for whom these Defendants are

neither liable nor responsible. Plaintiff's recovery should be barred or alternatively, reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against these Defendants, pursuant to FED. R. CIV. P. 8, and accordingly, his claims should be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

These Defendants affirmatively assert and invoke all defenses and rights available unto them as set forth in MISS. CODE ANN. § 85-5-7, and affirmatively state that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiff in his [1] Complaint are frivolous as a matter of fact and/or law and, once dismissed with prejudice, this cause should count as a strike against Plaintiff pursuant to the PLRA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by *Heck v. Humphrey*, 512 U.S. 477 (1994).

**WHEREFORE, PREMISES CONSIDERED,** Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey request that Plaintiff's Complaint and this civil action be

dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 26th day of June, 2019.

           **DEMETRE APOFTOLIDIS, DAVID KING, TYSON BURLESON, AND SHERIFF BRYAN BAILEY - DEFENDANTS**

     **By:**  _/s/ Jason E. Dare_
        **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare, Esq. (jdare@pbhfirm.com)
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone: (601) 987-5300
Facsimile: (601) 987-5353

## CERTIFICATE OF SERVICE

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

 Jarret Montez Wilson, # 48858
 Rankin County Detention Center
 221 N. Timber St.
 Brandon, Mississippi 39042

**THIS,** the 26th day of June, 2019.

         _/s/ Jason E. Dare_
         **JASON E. DARE**