**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JARRET MONTEZ WILSON, #48858**                                                               **PLAINTIFF**

**v.**                                                                               **CAUSE NO. 3:19cv190-TSL-RHW**

**DEMETRE APOFTOLIDIS, et al.**                                                              **DEFENDANTS**
_____

**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
MOTION FOR STAY OF PROCEEDINGS**
_____

  **NOW COME** Defendants, Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey, by and through their undersigned counsel of record, and in support of their Motion for Stay of Proceedings, state as follows:

  I.  **INTRODUCTION & STATEMENT OF FACTS**

  Plaintiff's Complaint was filed with this Court on March 18, 2019 and alleges an altercation between Plaintiff and Defendants Apoftolidis, King and Burleson on December 6, 2018 when Plaintiff was booked into the Rankin County Jail.  Plaintiff was indicted on April 29, 2019 on three counts of simple assault on law enforcement officer as a habitual offender pursuant to M<small>ISS</small>. C<small>ODE</small> A<small>NN</small>. § 97-3-7 and § 99-19-83.  *See* Criminal Docket / Pleadings (**Exhibit 1**), pgs. 3-6 of 6.  His trial on the charges is currently scheduled to commence on or around October 21, 2019.  *Id.*, pg. 1 of 6.

  II.  **LEGAL PRECEDENT & ANALYSIS**

  This Court has "discretionary authority" to issue a stay in the instant matter, which authority "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 243 (5th Cir. 2009) (quoting *Coastal (Bermuda)*

*Ltd. v. E.W. Saybolt & Co.,* 761 F.2d 198, 204 n. 6 (5th Cir. 1985); citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The pending criminal proceedings against Plaintiff have a direct impact on his claims against Defendants and the resolution may expedite these proceedings.

Plaintiff alleges that he did not initiate the altercation on December 6, 2018 and that he could not have "struck the two Defendants with a closed fist" since he was "handcuffed, hands behind his back along with leg shackles on." [27] Motion to Amend Request for Relief, pg. 2. Accordingly, Plaintiff alleges that the three charges of assault on law enforcement are "bogus" and/or "fabricated". *Id.,* pgs. 1-2.

If Plaintiff is found guilty on all three assault charges against him, his claims would be subject to and barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and its progeny. Plaintiff maintains in this litigation that he is wholly innocent of the assault charges, which implicates *Heck*. *See Thomas v. Scott County*, No. 3:14cv328-CWR-LRA, 2015 WL 5009715, at *5 (S.D. Miss. Aug. 21, 2015) (citing *Harvey v. City of Brandon*, No. 3:14cv739-DPJ-FKB, 2015 WL 461811, at *3 (S.D. Miss. Feb. 4, 2015)).

If the maintenance of a civil rights action pursuant to 42 U.S.C. § 1983 would necessarily imply the invalidity of a plaintiff's related criminal conviction, plea, or criminal sentence from which the civil rights claim would purportedly arise, the civil claim is barred by *Heck*. *See Cougle v. County of Desoto*, 303 F. App'x 164, 165 (5th Cir. 2008) ("Cougle has not demonstrated that the revocation of his probation has been reversed, expunged, set aside or called into question as required by *Heck* as a prerequisite for this case to proceed."). A plaintiff in such instances must establish that his conviction and/or resulting sentence has been overturned or expunged. If a plaintiff's conviction and sentence are a valid sentence

and conviction within the meaning of *Heck*; *Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir. 1996), that plaintiff's civil claim arising from the same factual elements constitutes an impermissible collateral attack on the valid criminal proceedings and sentence, and is barred.

The prevailing and governing law on these issues is clear. If Plaintiff is convicted on the three counts of simple assault on law enforcement officer as a habitual offender, his claims in this matter related to the altercation would be barred by *Heck*. Accordingly, Defendants respectfully request that this Court stay the instant action pending resolution of the criminal charges against Plaintiff.

III. **CONCLUSION**

For the foregoing reasons, Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey respectfully request that this Court stay the instant proceeding pending resolution of the criminal assault charges pending against Plaintiff.

**RESPECTFULLY SUBMITTED,** this 26th day of June, 2019.

> **DEMETRE APOFTOLIDIS, DAVID KING, TYSON BURLESON, AND SHERIFF BRYAN BAILEY - DEFENDANTS**
>
> **By:**   */s/ Jason E. Dare*
>            **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare, Esq. (jdare@pbhfirm.com)
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone:   (601) 987-5300
Facsimile:   (601) 987-5353

## **CERTIFICATE OF SERVICE**

      I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Jarret Montez Wilson, # 48858
Rankin County Detention Center
221 N. Timber St.
Brandon, Mississippi  39042

**THIS,** the 26th day of June, 2019.

                                            _/s/ Jason E. Dare_
                                            **JASON E. DARE**