# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**JARRET MONTEZ WILSON, #48858**                                                                 **PLAINTIFF**

**v.**                                                                        **CAUSE NO. 3:19cv190-TSL-RHW**

**DEMETRE APOFTOLIDIS, et al.**                                                             **DEFENDANTS**
_____

**RESPONSE IN OPPOSITION TO [25] MOTION TO AMEND COMPLAINT;
[27] MOTION TO AMEND A REQUEST FOR RELIEF SOUGHT**
_____

**NOW COME** Defendants, Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey, by and through their undersigned counsel of record, and in opposition to Plaintiff's [25] Motion to Amend Complaint and [27] Motion to Amend a Request for Relief Sought, state as follows:

I. **INTRODUCTION & PROCEDURAL BACKGROUND**

Plaintiff's Complaint was filed with this Court on March 18, 2019 and alleges an altercation between Plaintiff and Defendants Apoftolidis, King and Burleson on December 6, 2018 when Plaintiff was booked into the Rankin County Jail. Plaintiff's [25] Motion was filed on May 7, 2019 and his [27] Motion was filed on May 23, 2019, both of which request authority to amend Plaintiff's Complaint. These were filed within 21 days of this Court's May 6, 2019 Requests for Waiver to the Defendants (*see* Dkt. [21] – [24]) and prior to these Defendants [29] Waiver of Service of Summons dated May 31, 2019 and [30] Answer filed June 26, 2019.

II. **LEGAL PRECEDENT & ANALYSIS**

FED. R. CIV. P. 15(a) allows a party to amend its Complaint *once* as a matter of course within 21 days after service of such pleading or, after the expiration of these initial 21 days,

upon the opposing party's written consent or leave of court. *Id.* In the Court's analysis of whether to grant or deny leave to amend, it should consider the following five (5) factors:

(1) undue delay;
(2) bad faith or dilatory motive;
(3) repeated failure to cure deficiencies by previous amendments;
(4) undue prejudice to the opposing party; and
(5) futility of the amendment.

*See Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*citing Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). "Absent any of these factors, the leave sought should be 'freely given.'" *Smith*, 393 F.3d at 595 (citing *Foman*, 371 U.S. at 182).

Plaintiff has been allowed to amend his complaint – both for information and exhibits – at least twice. *See* [12] Order; [18] Order. He should not be allowed to amend again "as a matter of course" per Rule 15(a). Moreover, Plaintiff's Complaint has been filed pursuant to the Prison Litigation Reform Act (PLRA"), which contains the following mandatory screening process:

**(a) Screening.** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**(b) Grounds for dismissal.** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

**(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted….

28 U.S.C. § 1915A(a) & (b).

With this background, Defendants address each of the proposed allegations Plaintiff seeks to include in his Complaint under a "futility of the amendment" and/or "frivolous, malicious, or fails to state a claim upon which relief may be granted" standard.

A. **[25] Motion to Amend Complaint**

1. Proposed claim(s) regarding grievance procedure

Most of Plaintiff's [25] Motion relates to the grievance procedure at the Rankin County Jail in or around December of 2018 through February of 2019. The Fifth Circuit has repeatedly held that any "an alleged violation of a prisoner's due process rights resulting from prison grievance procedures is a 'legally nonexistent interest'", that "[p]risoners do 'not have a federally protected liberty interest in having these grievances resolved to [their] satisfaction,' and an alleged § 1983 due process violation for failure to investigate grievances is 'indisputably meritless.'" *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (quoting *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005)). Accordingly, Plaintiff's [25] Motion seeking leave to allege claims concerning the resolution of his grievances through the Rankin County Jail should be denied as "indisputably meritless."

2. Proposed claim regarding opening legal mail

Plaintiff also seeks leave to add a claim that his legal mail had tape on it prior to him opening the document. Plaintiff admits in his [1] Complaint that the Rankin County Jail had a grievance procedure in place at the time. *Id.*, pg. 2, § 5. Through the "Grievance Hearing Report" attached as [25-4] Exhibit, which is signed by Plaintiff, Plaintiff's grievance regarding legal mail was not appealed or exhausted, but instead closed as a result of a "SATISFACTORY RESPONSE." As a result of Plaintiff's admission that his "opening of mail" grievance was not exhausted through the Rankin County Jail, his [25] Motion to add such a

3

claim is frivolous since his claim is barred by the PLRA. *See Wheater v. Shaw*, 719 F. App'x 367, 369 (5th Cir. 2018).[1]

### B. [27] Motion to Amend a Request for Relief Sought

Plaintiff seeks in his [27] Motion to amend the relief sought in his [1] Complaint as follows:

> The Plaintiff request (sic) that this Honorable Court grant the requested relief of One Million dollars for 1) Pain and Suffering, 2) Emotional Distress 3) Discrimination 4) The Plaintiff would like to bring Criminal Charges upon the Defendants.

*Id.*, pg. 2 of 2. While Defendants have specifically denied the allegations in Plaintiff's [27] Motion (*see* [30] Answer, ¶ 11.M.) and have specifically denied that "Plaintiff is entitled to a judgment against them or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever, for any type, kind or quantum of damages or any other form of relief" (*Id.*, ¶ 10), these Defendants have no basis to oppose Plaintiff amending his [1] Complaint to seek "One Million dollars" and "emotional distress" damages.[2]

#### 1. Discrimination / Criminal charges against Defendants.

Plaintiff seeks leave to bring a discrimination claim against the Defendants relating to assault charges currently pending against him, and he seeks to bring criminal charges against the Defendants. Contrary to Plaintiff's would-be claims is the well-settled case law

---

[1] "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This court takes a strict approach to exhaustion. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). Substantial compliance is insufficient; prisoners must properly exhaust all available remedies by, among other things, complying with deadlines and procedural rules. [*Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006); *see Dillon*, 596 F.3d at 267–68.] Exhaustion must be completed before suit; it may not be excused if it occurs while the suit is pending. *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

[2] Plaintiff initially sought "pain and suffering in the amount of $100,000.00" in his [1] Complaint.

that "the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution." *Lewis v. Jindal*, 368 F. App'x 613, 614 (5th Cir. 2010) (citing *United States v. Batchelder,* 442 U.S. 114, 124 (1979); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990) ("Contrary to Oliber's contention, he does not have a constitutional right to have someone criminally prosecuted.")).

Plaintiff has been indicted on three separate assault charges relating to the December 6, 2018 incident which forms the basis of his [1] Complaint. Prosecution of the criminal assault charges is the responsibility of the Rankin County D.A. Accordingly, Plaintiff has no meritorious claim against these Defendant relating to his prosecution and has no constitutional right to seek criminal charges against Defendants. Thus, this portion of Plaintiff's [27] Motion should be denied.

**WHEREFORE, PREMISES CONSIDERED,** Demetre Apoftolidis, David King, Tyson Burleson, and Sheriff Bryan Bailey pray that Plaintiff's [25] Motion be denied in its entirety and Plaintiff's [27] Motion be denied to the extent he seeks to add a discrimination claim against Defendants and/or seeks to bring criminal charges against Defendants.

**RESPECTFULLY SUBMITTED,** this 27th day of June, 2019.

      **DEMETRE APOFTOLIDIS, DAVID KING, TYSON BURLESON, AND SHERIFF BRYAN BAILEY - DEFENDANTS**

**By:**   */s/ Jason E. Dare*
      **JASON E. DARE**

5

**OF COUNSEL:**

Jason E. Dare, Esq. (jdare@pbhfirm.com)
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi 39236-6089
Telephone:    (601) 987-5300
Facsimile:    (601) 987-5353

## CERTIFICATE OF SERVICE

I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and that I have this day mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

Jarret Montez Wilson, # 48858
Rankin County Detention Center
221 N. Timber St.
Brandon, Mississippi  39042

**THIS,** the 27th day of June, 2019.

　　　　　　　　　　　　　　　　　　　_/s/ Jason E. Dare_
　　　　　　　　　　　　　　　　　　　**JASON E. DARE**