IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 16 2019

ARTHUR JOHNSTON
BY_____ DEPUTY

Jarret Montez Wilson #48858

PLAINTIFF

V.

CAUSE NO. 3:19 cv 190-TSL-RHW

Demetre Apostolidis, et al.

DEFENDANTS

## REPLY TO AFFIRMATIVE DEFENSES

The Plaintiff Jarret Montez Wilson, files this Reply To Affirmative Defenses, to the Defendants filed Affirmative Defense filed in the above styled and numbered cause, as follows:

### Reply To The First Affirmative Defense

The Defendants are not entitled to qualified immunity nor liability. The Defendants are liable for the injuries inflicted on the Plaintiff and the conduct of the Defendants violate clearly established statutory and constitutional rights of the Plaintiff.

### Reply To The Second Affirmative Defense

Plaintiff filed a civil rights case against defendants pursuant to 42 U.S.C. § 1983, the Defendants, violated the Plaintiffs rights under the U.S. Const. Amends. Eighth cruel and unusual punishment and Due Process Clause of the Fourteenth Amendment.

### Reply To The Third Affirmative Defense

Defendants fail to act in good faith, the Defendants acted with deliberate indifferences, under color of law to willfully deprive the Plaintiff of a right of privilege protected by the constitution of law

of the United States. The Defendants allowed two trustee inmates to participate in excessive physical force against the Plaintiff while the Plaintiff was in restraints. The Defendants unlawful acts are unjustified, totally without penological justification

## Reply To The Fourth Affirmative Defense

The Defendants fail to act in good faith, the Defendants acted with deliberate indifferences, intent to injur, evil motive reckless disregard, retaliatory motive, premeditated motive and are guilty of wrongful and tortious conduct.

## Reply To The Fifth Affirmative Defense

The Defendants violated the Plaintiffs constitutional rights the United States and/or Mississippi Constitution.

## Reply To The Sixth Affirmative Defense

The Defendants are guilty conduct amounting to deliberate indifference to the rights of the Plaintiff.

## Reply To The Seventh Affirmative Defense

The Defendants are liable for injuries inflicted out of the use of excessive force applied for the purpose of causing harm to the Plaintiff.

## Reply To The Eighth Affirmative Defense

The Plaintiff is entitled to receive compensatory damages for physical pain and suffering and mental and emotional anguish.

The Plaintiff is entitled to full compensation for the physical and emotional pain suffered as a result of the Defendants misconduct, and the Plaintiff should be awarded for punitive damages.

## Reply To The Ninth Affirmative Defense

Plaintiff suffered injuries from the Defendants actions and the Defendant allowed two inmates to participate in beating the Plaintiff. The Defendants acted under color of law and willfully deprive the Plaintiff of a right and privilege protected by the constitution and state law.

## Reply To The Tenth Affirmative Defense

The Defendants must take reasonable measures to guarantee the Plaintiffs "Saftey". The Defendants beat the Plaintiff while in Handcuffs and Shackles, the defendants let two trustee inmates participate, Defendant Tyson Burleson is a Deputy Sheriff not a Detention Officer. The Defendants motive was to cause harm to the Plaintiff.

## Reply To The Eleventh Affirmative Defense

Defendants are guilty of deliberate abuse of inherently governmental power, and excessive force that was applied maliciously and sadistically for the very purpose of causing harm and allowed two trustee inmates to participate in the beating of the Plaintiff without probable cause nor penological justification, just only the very purpose of causing harm.

## Reply To The Twelfth Affirmative Defense

The Defendants are liable for the damages do to the

Plaintiff due to the use of excessive physical force against the Plaintiff which constitute cruel and unusual punishment, the Defendants participate in the use of excessive force and allowed two trustee inmate to join them.

## Reply To The Thirteenth Affirmative Defense

Defendants fail to comply with all legal duties owed to the Plaintiff.

## Reply To The Fourteenth Affirmative Defense

Defendants did not comply with applicable standards of care to the Plaintiff.

## Reply To The Fifteenth Affirmative Defense

The Defendants has deprived the Plaintiffs rights created by the U.S. Constitution and federal statutes. The Defendants wrongdoing can not be justified.

## Reply To The Sixteenth Affirmative Defense

The Defendants are guilty for their wrongdoing to the Plaintiff and are liable for their misconduct

## Reply To The Seventeenth Affirmative Defense

Plaintiff is not guilty of comparative fault.

## Reply To The Eighteenth Affirmative Defense

The Defendants are responsible for the damages done

4

the Plaintiff, the Plaintiff is entitled to full compensation for permanent damages, physical pain and suffering and mental and emotional anguish caused by the Defendants.

## Reply To The Nineteenth Affirmative Defense

The Plaintiffs complaint pertain to Cruel and unusual punishment, a violation of the Eighth Amendment by the Defendants, harm was caused to the Plaintiff Maliciously and sadistically. Defendants also allowed two trustee inmates to participate in beating the Plaintiff, the Plaintiff was denied medical treatment after the attack. Plaintiff filed a Grievance, had a Grievance Hearing, filed a Notice of Appeal to the Hearing Officer's Results, the Plaintiff never receive a response to the filed Notice of Appeal. The Plaintiff was denied the Right to appeal by the Defendant.

## Reply To The Twentieth Affirmative Defense

The Defendants are guilty and shall be held liable for the Plaintiffs damages, deprivation of the Plaintiffs federal constitutional and federal statutory rights by the Defendants acting under color of state law.

## Reply To The Twenty-First Affirmative Defense

The Plaintiff complaint is not frivolous.

## Reply To The Twenty-Second Affirmative Defense

Plaintiffs claims shall not be barred in whole nor in part by Heck v. Humphrey, 512 U.S. 477 (1994). The

5

Plaintiff complaint and civil action under Cruel and Unusual Punishment violation by the Defendants use of excessive force while the Plaintiff was in Handcuffs and Shackles, the Defendants allowed two trustee inmates to participate in beating the Plaintiff, which can not be justified by any law, state nor federal statutory. The Defendants filed frivolous criminal charges on the Plaintiff after Defendant Sheriff Bryan Bailey was notified of the Defendants misconduct. Defendant Bryan Bailey was notified by the Plaintiff and the Plaintiffs family. The frivolous criminal charges were filed to try and void a lawsuit, a cover up, the criminal charges were filed out of retaliation and discrimination, which is the very reason the Defendants refused to produce video footage of the Plaintiff when he arrived at the Rankin County Detention Center, nor footage of the Plaintiff being taken into the jail, and into the dress-out room.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jarret Montez Wilson, hereby respectfully request and pray that the Honorable Court grant the requested relief and any other relief as this Court deems proper.

Respectfully Submitted, this the 15th day of July 2019.

By: _Jarret Mont. Wil_
Jarret Montez Wilson

## CERTIFICATE OF SERVICE

I, Jarret M Wilson, hereby certify that on this day mailed, via U.S. Mail, postage a true and correct copy of the above document to the Clerk of the Court, and I have this day mailed, via U.S. Mail, postage prepaid, a true and correct copy of the above document to

Jason E. Dare, Esq., Post Office Box 16089, Jackson, Mississippi
39236-6089

This, the 15th day of July, 2019.

Jarret Mont Wil
Jarret Montez Wilson