```
 1         IN THE CIRCUIT COURT OF RANKIN COUNTY, MISSISSIPPI
 2
 3   STATE OF MISSISSIPPI                                    PLAINTIFF
 4   V                                              CAUSE NO. 30040
                                               and CAUSE NO. 30363
 5
     JARRETT MONTEZ WILSON                                   DEFENDANT
 6
     Charge(s):  Cause 30040 - Count II:  Assault on a law
 7                                         enforcement officer
                 Cause 30363 - Count II:  leaving accident
 8                                         scene with injuries
 9
                               Guilty Plea
10
11         BE IT REMEMBERED on October 30, 2019, that the
     above-styled case came on for hearing before the Honorable
12   John H. Emfinger, and the following proceedings were held
     and done, to-wit:
13
14
15   APPEARANCES:
16       MARY JANE LEMON, ESQUIRE
         Assistant District Attorney
17       Post Office Box 68
         Brandon, Mississippi  39043
18
             COUNSEL FOR THE PLAINTIFF
19
20       JOHN HOLADAY, ESQUIRE
         Holaday Law Firm PLLC
21       Post Office Box 321406
         Flowood, MS  39232-1406
22
             COUNSEL FOR THE DEFENDANT
23
24
25
26                          REPORTED BY:
                    Harvey J. Rayborn, CCR #1274
27                     Official Court Reporter
                       Post Office Box 720248
28                   Byram, Mississippi  39272
                        Cell: (601) 259-7498
29                  e-mail: Raybornhj@aol.com
```

Exhibit 13                                                    RC 109

# TABLE OF CONTENTS

| | |
|---|---|
| Style and Appearances ................................... | 1 |
| Table of Contents ....................................... | 2 |
| Proceedings ............................................. | 3 |
| Elements ................................................ | 5 |
| Minimum and Maximum ..................................... | 7 |
| Factual Basis ........................................... | 10 |
| Open Plea - Sentencing - December 16, 2019 .............. | 14 |

RC 110

```
 1                    P-R-O-C-E-E-D-I-N-G-S
 2         THE COURT:  (Defendant plead during trial.)
 3                    JARRETT MONTEZ WILSON,
 4   having first been duly sworn by the court reporter, was
 5   examined and testified on his oath as follows, to-wit:
 6         THE COURT:  All right.  We're here on Cause Number
 7   30040 and 30363, State versus Jarrett Montez Wilson.
 8         You're Mr. Wilson; is that correct?
 9      A.    Yes, sir.
10         THE COURT:  Mr. Wilson, you've been sworn now so
11   the answers you give will be sworn answers under penalty of
12   perjury.  Do you understand that?
13      A.    Yes, sir.
14         THE COURT:  You filed a petition to enter a plea
15   of guilty in Cause Number 30040, Count II, and to Count II
16   of 30363.
17         What will happen with the other counts in these
18   charges, Ms. Lemon?
19         MS. LEMON:  Your Honor, the State would move to
20   nolle prosequi them upon the acceptance of the plea.
21         THE COURT:  All right.  Mr. Wilson, in the
22   petition you indicate that your date of birth is
23   ███████████████████; is that correct?
24      A.    Yes, sir.
25         THE COURT:  Your Social Security number is
26   ████████; is that correct?
27      A.    Yes, sir.
28         THE COURT:  You finished 10 years of school, you
29   have a GED and you're able to read and write; is that
```

```
1  correct?
2      A.   Yes, sir.
3           THE COURT:  Are you under the influence of any
4  drugs or alcohol here today?
5      A.   No, sir.
6           THE COURT:  Have you ever been treated for any
7  mental disease or disorder?
8      A.   No, sir.
9           THE COURT:  Did you read and sign this petition to
10 enter pleas of guilty?
11     A.   Yes, sir.
12          THE COURT:  Do you understand everything in the
13 petition?
14     A.   Yes, sir.
15          THE COURT:  Is everything in this petition true
16 and correct?
17     A.   Yes, sir.
18          THE COURT:  Have you had an opportunity to discuss
19 with your attorney all the facts and circumstances related
20 to each of the crimes that you're offering to plead guilty
21 to?
22     A.   Yes, sir.
23          THE COURT:  Did your discussions with your
24 attorney also include the elements of the crimes?
25     A.   Yes, sir.
26          THE COURT:  And did your discussions also
27 include any possible defenses that may have to these
28 charges?
29     A.   Yes, sir.
```

1        (Elements.)
2        **THE COURT:** All right.  In both of these cases,
3   also, Ms. Lemon, there is a habitual offender amendment.
4   What says the State?  He's not offering to plead as a
5   habitual offender.
6        **MS. LEMON:** Your Honor, the State will not pursue
7   that enhancement in these two cases.
8        **THE COURT:** All right.  Then as it relates to
9   30040, Count II, those elements are these:
10       That on or about December the 6th, 2018, in Rankin
11  County, that, you did, willfully, feloniously, purposely and
12  knowingly attempt to cause or purposely, knowingly or
13  recklessly cause bodily injury to Rankin County Sheriff's
14  detention officer Demetri George -- how do you say his last
15  name?
16       **MR. HOLADAY:** Apostolides.
17       **THE COURT:** Apostolides, by striking Officer
18  Apostolides with a closed fist at a time when the said
19  Officer Apostolides was a law enforcement officer with the
20  Rankin County Sheriff's Department acting within the course
21  and scope of his duties.
22       Do you understand those elements?
23  A.   Yes, sir.
24       **THE COURT:** As it relates to Count II of Cause
25  Number 30363, those elements are these:  That on or about
26  September the 14th, 2017, in Rankin County, you were the
27  driver of a vehicle involved in an accident which resulted
28  in the injury of any person, to wit:  The mutilation,
29  disfigurement, permanent disability or destruction of the

```
 1  eye or other limb, organ or member of Jacob Austin Moore and
 2  following said accident that you did knowingly, willfully,
 3  unlawfully and feloniously failed to remain at the scene of
 4  the said accident and provide information and render
 5  reasonable assistance and the fulfillment of the
 6  requirements of Code Section 63-3-405.
 7           Do you understand those elements?
 8      A.   Yes, sir.
 9           THE COURT:  Do you understand that you have a
10  right to be represented by an attorney at all critical
11  stages of the proceeding against you?
12      A.   Yes, sir.
13           THE COURT:  You also have a right to a speedy and
14  public trial by a jury and at that trial you'd be presumed
15  to be innocent.  Do you understand that?
16      A.   Yes, sir.
17           THE COURT:  Should you go to trial, before you
18  could be found guilty and sentenced, each of the 12 jurors
19  would have to believe, beyond a reasonable doubt, that
20  you're guilty before you could be found guilty.  Do you
21  understand that right?
22      A.   Yes, sir.
23           THE COURT:  If you were to go to trial, you'd have
24  the right to confront or cross-examine all the witnesses
25  called to testify against you and you'd have the right to
26  subpoena witnesses to testify on your own behalf.  Do you
27  understand that?
28      A.   Yes, sir.
29           THE COURT:  You have a right to remain silent
```

1  which means nobody can force you or compel you to give
2  evidence against yourself. Do you understand that right?
3      A.   Yes, sir.
4      THE COURT: So if you were to go to trial, then
5  you'd have the right to either testify or not to testify and
6  that choice would be yours. If you chose not to testify and
7  you asked me to do so, then I would instruct the jury that
8  no adverse inference could be drawn my you exercising your
9  right to remain silent. Do you understand that?
10     A.   Yes, sir.
11     THE COURT: If you were to go to trial and the
12 jury's verdict were to be against you, you'd have the right
13 to an appeal. If you couldn't afford the cost of that
14 appeal, that cost, plus the cost of your attorney, would be
15 paid for you by the State. Do you understand that?
16     A.   Yes, sir.
17     THE COURT: Do you understand that by pleading
18 guilty you're waiving or giving up all these rights and all
19 those rights that are set out in your petition?
20     A.   Yes, sir.
21     THE COURT: Do you understand that?
22     A.   Yes, sir.
23     THE COURT: Are you telling me then that's what
24 you want to do? You want to waive all these rights and
25 proceed with your pleas of guilty?
26     A.   Yes, sir.
27     (Minimum and Maximum.)
28     THE COURT: Do you understand the minimum and
29 maximum punishment that could be imposed for each of the

RC 115

```
 1  crimes that you're offering to plead guilty to?
 2       A.   Yes, sir.
 3            THE COURT:  For simple assault on a law
 4  enforcement officer, the minimum period of incarceration is
 5  zero years.  The maximum period of incarceration is five
 6  years.  The minimum fine is zero dollars and the maximum
 7  fine is $1,000.  Do you understand that?
 8       A.   Yes, sir.
 9            THE COURT:  For leaving the scene of an accident
10  resulting in injuries, the minimum period of incarceration
11  is five years.  The maximum period of incarceration is
12  20 years.  The minimum fine is $1,000, and the maximum fine
13  is $10,000.  Do you understand that?
14       A.   Yes, sir.
15            THE COURT:  If I were to impose these sentences to
16  run consecutively, you'd be looking at a minimum period of
17  incarceration of 5 years, a maximum period of incarceration
18  of 25 years, a minimum fine of $1,000, and a maximum fine of
19  $11,000.  Do you understand that?
20       A.   Yes, sir.
21            THE COURT:  Do you have prior felony convictions?
22       A.   Yes, sir.
23            THE COURT:  That's for simple robbery in 2004 and
24  another in 2005 in Rankin County?
25       A.   Yes, sir.
26            THE COURT:  Are those your only two felony
27  convictions?
28       A.   Yes, sir.
29            THE COURT:  In September of 2017, were you on
```

1  probation or parole for those offenses?
2      A.   I was on ERS, but I completed it though.  See,
3  I was on the verge of getting off ERS.  I ain't have but,
4  like, a month left and I completed a month while I was on
5  bond.
6          **THE COURT:**  So they did not revoke or take you
7  back into custody as a result of your arrest for the felony
8  charge?
9      A.   No, sir.
10         **THE COURT:**  All right.  Well, I'm going to tell
11 you this because I don't know what -- where you were in that
12 process.  But if you were on ERS or if you were on any type
13 of probation or parole and you're convicted of committing a
14 new crime while on probation or parole or ERS, then you
15 could be -- you could suffer a revocation.  And if you are
16 revoked, any sentence in that case would have to run
17 consecutively to any sentence in this case.  Do you
18 understand that?
19     A.   Yes, sir.
20         **THE COURT:**  Now if you were on ERS, you can talk
21 with Mr. Holaday about that, I'm not sure, but that means
22 that you weren't on parole or probation --
23     A.   Right.
24         **THE COURT:**  -- at the time of this offense.
25     A.   Right.
26         **THE COURT:**  Okay.  And I assume in December of
27 2018 you were not on probation or parole --
28     A.   No, sir.
29         **THE COURT:**  -- for any offense.  But you do

```
 1  understand if for some reason you misunderstood and you were
 2  on parole that you could suffer a revocation if you're
 3  convicted of these offenses?
 4          A.   Yes, sir.
 5               THE COURT:  And knowing that do you still wish to
 6  go forward with your plea?
 7          A.   Yes, sir.
 8               THE COURT:  Do you have any other felony charges
 9  pending anywhere else?
10          A.   No, sir.
11               THE COURT:  What's the factual basis?
12               (Factual Basis.)
13               MS. LEMON:  Your Honor, as to Cause Number 30040,
14  Count II, the State would prove, if we went to trial, that
15  on or about December 6th, 2018, the Defendant here, Jarrett
16  Montez Wilson, in Rankin County, did unlawfully,
17  feloniously, purposely and knowingly attempt to cause and
18  purposely, knowingly or recklessly cause bodily injury to
19  Rankin County Sheriff detention officer Demetri George --
20               MR. HOLADAY:  Apostolides.
21               MS. LEMON:  -- Apostolides, by striking Officer
22  Apostolides with a closed fist at the time said Officer
23  Apostolides was a law enforcement officer with the Rankin
24  County Sheriff's Department and acting within the course
25  scope of his duties.
26               As to the other case, 30363, Count II, the State
27  would prove that on or about September 14th, 2017, the
28  Defendant, Jarrett Montez Wilson, in Rankin County,
29  Mississippi, was the driver of a vehicle involved in an
```

1  accident which resulted in the injuries to Jacob Austin
2  Moore, specifically the injuries to the victim in this case
3  were his eye and leg were injured and permanently disabled.
4  His leg involved a rod to be placed surgically, after this
5  accident, into the victim's leg. The Defendant in this case
6  failed to stop, help or feloniously -- let he back up, your
7  Honor.
8  　　　　　Following said accident did knowingly, willfully,
9  unlawfully and feloniously failed to remain at the scene of
10 said accident and provide information and render reasonable
11 assistance as required by the statute 63-3-405.
12 　　　　　**THE COURT:** Do you have any disagreement with
13 either of those factual basis, Mr. Wilson?
14 　　　A.　No, sir.
15 　　　　　**THE COURT:** Counsel, do you have any disagreements
16 with either of the factual basis?
17 　　　　　**MR. HOLADAY:** No, sir.
18 　　　　　**THE COURT:** Mr. Wilson, has anyone used any
19 threats, force or intimidation in an effort to get you to
20 change your pleas from not guilty to guilty?
21 　　　A.　No, sir.
22 　　　　　**THE COURT:** Has anyone made you any promises of
23 leniency in an effort to get you to change your pleas?
24 　　　A.　No, sir.
25 　　　　　**THE COURT:** After discussions with your attorney,
26 are you the one that decided to plead guilty?
27 　　　A.　Yes, sir.
28 　　　　　**THE COURT:** Are you telling me then that you're
29 freely and voluntarily admitting your guilt to each of these

RC 119

1  crimes?
2       A.   Yes, sir.
3            **THE COURT:**  And are you pleading guilty because
4  you're guilty and for no other reason?
5       A.   Yes, sir.
6            **THE COURT:**  Do you understand, if I read this
7  correctly, these are open pleas.  Is that correct,
8  Mr. Holaday?
9            **MR. HOLADAY:**  Yes, sir.
10           **THE COURT:**  Which means that there's no
11 recommendation from the State as to sentence.  Instead what
12 will happen is I'll order a presentence investigation report
13 be prepared, we'll come back into court, we'll go over that
14 report, I'll hear from you, I'll hear from the State and
15 then I'll impose a sentence that I think is appropriate up
16 to the maximum authorized by law for each of these offenses.
17 Do you understand that?
18      A.   Yes, sir.
19           **THE COURT:**  And knowing that, do you still wish to
20 go forward with your plea?
21      A.   Yes, sir.
22           **THE COURT:**  Is there a claim for restitution?
23           **MS. LEMON:**  Your Honor, I'll have to check with
24 the victims in this case.
25           **THE COURT:**  Do you understand that I can order
26 restitution as a part of any sentence in this case?
27      A.   Yes, sir.
28           **THE COURT:**  Do you understand that?
29      A.   Yes, sir.

1   **THE COURT:** Do you also understand if I accept
2   your pleas of guilty that you will not have a right to
3   appeal these convictions?
4       A.   Yes, sir.
5       **THE COURT:** You've been represented by
6   Mr. Holaday. Are you satisfied with his representation?
7       A.   Yes, sir.
8       **THE COURT:** Do you have any complaints you wish to
9   make about your attorney?
10      A.   No, sir.
11      **THE COURT:** Do you have any questions about your
12  rights or any question about either of the crimes that
13  you're offering to plead guilty to?
14      A.   Yes, sir.
15      **THE COURT:** Well, talk to your attorney first and
16  then ask me, okay?
17          (Mr. Wilson and Mr. Holaday confer.)
18      **MR. HOLADAY:** There is no question, judge.
19      **THE COURT:** Did your conversation with Mr. Holaday
20  satisfy you?
21      A.   Yes, sir. I have no questions.
22      **THE COURT:** All right. Well, the bottom line is,
23  it's not too late at this point to stop this hearing and
24  proceed to trial, but it will be once I accept your plea of
25  guilty. So before I do that, I need to make sure this is
26  what you want to do. Do you want to plead guilty?
27      A.   Yes, sir.
28      **THE COURT:** No questions?
29      A.   No, sir.

```
1         THE COURT:  How do you plead to simple assault on
2    a law enforcement officer as a lesser offense to that
3    charged in Cause Number 30040, Count II, guilty or not
4    guilty?
5         A.    Guilty.
6         THE COURT:  And how do you plead to leaving the
7    scene of an accident as a lesser offense to that charged in
8    Count II of Cause Number 30363, guilty or not guilty?
9         A.    Guilty.
10        THE COURT:  Counsel, do you know of any reason why
11   his please of guilty should not be accepted?
12        MR. HOLADAY:  No, sir.
13        THE COURT:  Mr. Wilson, I find that your pleas of
14   guilty are freely, voluntarily, knowingly and intelligently
15   made and entered.  I further find that each has its own
16   factual basis.  Therefore, I'm going to accept your pleas of
17   guilty and adjudicate you to be guilty of assault on a law
18   enforcement officer as a lesser offense to that charged in
19   Count II of 30040;
20              And guilty of leaving the scene of an accident
21   resulting in injuries as charged in Count -- as a lesser
22   offense to that charged in Count II of 30363.  Judgments of
23   conviction will be entered against you.
24              I'll set sentencing in this matter for 9:00
25   o'clock on December the 16th.  I'll order a presentence
26   investigation report be prepared.
27              The Defendant will be remanded in the custody of
28   the sheriff to await sentencing.
29              Anything else on behalf of the Defendant?
```

1   **MR. HOLADAY:** Yes, sir, judge. I just wanted to
2   make sure it was clear for the record. The letter, which
3   was attached to the guilty plea petition, we had made some
4   corrections on there and everyone, including myself, the
5   Defendant and Ms. Lemon, initialed those and I just want
6   that to be clear in the record that, and you've made it
7   clear, that he's pleading, in 30363, he's pled to only
8   Count II. Count I of 30363 will be nolle prossed.
9          He's pled to only Count II of 30040. Counts I and
10  III will be nolle prossed.
11         And, judge, it's my understanding that you did
12  allow the district attorney's office to make the
13  recommendation that the sentences in these be served
14  concurrently.
15         **THE COURT:** Well, they've not made that
16  recommendation yet, but they certainly can do that at
17  sentencing --
18         **MR. HOLADAY:** Okay.
19         **THE COURT:** -- and I see it attached to the
20  petition.
21         **MR. HOLADAY:** Gotcha.
22         **THE COURT:** But now hang on. Okay. I see it.
23  All right. Anything else?
24         **MR. HOLADAY:** No, sir.
25         **THE COURT:** Anything else from the State?
26         **MS. LEMON:** No, your Honor.
27         **THE COURT:** See you on December the 16th.
28         (End of Plea Proceedings of October 30, 2019.)
29